IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-119-BO

| | |
|---|---|
| DEBRA BEARDSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 13, 2015, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on February 2, 2011, alleging disability since August 27, 2010. After initial denials, a hearing via videoconference was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's obesity, degenerative joint disease of the left knee, cervical and lumbar degenerative disc disease, status post left plantar release, and fibromyalgia were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. The ALJ then concluded that plaintiff could perform less than light work with exertional and non-exertional limitations. The ALJ found that plaintiff could perform her past relevant work as a director of nursing as that job is generally performed, and thus determined that plaintiff was not disabled as of the date of his decision.

In determining that plaintiff's impairments did not meet or medically equal Listing 1.02, which deals major dysfunction of joints, the ALJ stated that "the evidence indicates that the claimant is capable of sustaining a reasonable walking pace over a sufficient distance in order to carry out activities of daily living and that she has the ability to travel without companion assistance to and from a place of employment." Tr. 68. In formulating plaintiff's RFC, however, the ALJ discussed the evidence in the record in which the consultative examiner noted that plaintiff required a walker for long distances but could ambulate with a stable gain for short periods around the clinic and that plaintiff's treating physician had repeatedly noted plaintiff's use of a walker in his treatment notes after May 2011. Tr. 70-71.

Listing 1.02A requires evidence of a gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion, as well as documentation by medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis, with involvement of one major peripheral weight-bearing joint resulting in the inability to ambulate effectively. 20 C.F.R. Part 404, Subpt. P, Appendix I § 1.02A. The medical records reflect evidence of a gross anatomical deformity, namely subluxation, and joint space narrowing in her left knee. Tr. 337. Plaintiff's use of a walker is well-documented throughout the medical record, and though the ALJ found that she would not need a companion device in order to travel to and from a place of employment, the ALJ failed to discuss other factors which might demonstrate whether plaintiff could ambulate effectively, such as whether she could walk a block at a reasonable pace on rough or uneven surfaces or climb steps at a regular pace with the use of a single hand rail. 20 C.F.R. Part 404, Subpt. P, Appendix I § 1.00B2b2.

4

In light of the evidence of anatomical dysfunction and regular use of an assistive device for ambulation, the ALJ's cursory rejection of Listing 1.02 is not supported by substantial evidence. A remand is appropriate so that the ALJ might specifically consider and address the evidence in the record related to Listing 1.02. *See e.g. Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986) (summary comparison of symptoms to Listing requirements grounds for remand).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED and defendant's motion for judgment on the pleadings [DE 20] is DENIED. The decision of the ALJ is REMANDED to the Acting Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __ day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE